UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WES JOSEPH PERTGEN, | Case No. 3:19-cv-00534-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

**I.   DISCUSSION**

This action began as a *pro se* civil rights complaint ("Complaint") filed by Plaintiff Wes Joseph Pertgen pursuant to 42 U.S.C. § 1983 by an incarcerated individual. (ECF No. 1-1.) On September 1, 2020, the Court issued a screening order dismissing this action with prejudice for failure to state a claim and denying Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) as moot. (ECF No. 8.) Plaintiff has now filed a motion for leave to proceed *in forma pauperis*, a motion to reopen the case, a motion for reconsideration, and a motion for 90 days to file an amended complaint. (ECF Nos. 12, 13, 14, 15.)

Plaintiff brought a due process claim based on allegations that he was disciplined without a proper disciplinary hearing and sanctioned, among other things, to pay restitution. (ECF No. 8 at 3-4.) After Plaintiff filed multiple grievances, warden Baca eventually agreed that Plaintiff would have a new disciplinary hearing. (*Id.* at 4.) After the new disciplinary hearing, Plaintiff was again found guilty of a disciplinary violation, but his sanction was changed to paying only half the restitution.[1] (*Id.* at 5.) Based on these allegations, the Court understood that Plaintiff's initial sanction, notably the requirement

---

[1] Plaintiff did not bring any claims based on the second hearing. (ECF No. 8 at 5.)

that he pay restitution, had been vacated, and a new different sanction was imposed after the new hearing. (*Id.* at 6.) The Court concluded that Plaintiff could not state a colorable due process claim based on his initial sanction because his sanction of paying restitution had been vacated and none of the other alleged sanctions gave rise to a liberty interest. (*Id.*)

In his recent filings, Plaintiff states that the Court misunderstood various allegations in his complaint.[2] (ECF No. 12.) Most significantly, Plaintiff alleges that the restitution ordered as part of his initial sanction was never vacated or reduced. (*Id.* at 4.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court finds that Plaintiff's allegation that his initial sanction to pay restitution was never vacated or reduced to be a valid reason to reconsider the Court's decision to dismiss Plaintiff's Complaint with prejudice. The Court's decision was based on an understanding that Plaintiff's initial sanction of restitution had been vacated. The Court notes that Plaintiff's factual allegations regarding restitution remain somewhat unclear and potentially inconsistent, but the Court recognizes that Plaintiff is proceeding *pro se* and may have difficulty clearly explaining the facts in his Complaint. As such, the Court

---

[2]The Court notes that all of Plaintiff's substantive allegations are contained in his motion for leave to proceed *in forma pauperis*. (ECF No. 12.) Plaintiff's other filings state that he did not want to repeat all of his allegations and ask the Court to consider all of his motions together. (ECF Nos. 13, 14, 15.)

will grant Plaintiff leave to file an amended complaint curing the deficiencies of his initial Complaint.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 90 days from the date of entry of this order. If Plaintiff chooses to file an amended complaint, Plaintiff should more clearly explain his restitution sanctions. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action for failure to state a claim.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motions for reconsideration (ECF No. 14), to reopen the case (ECF No. 13), and for leave to file an amended complaint (ECF No. 15) are granted.

It is further ordered that the Clerk of Court vacate the portion of the Court's screening order dismissing the complaint with prejudice and without leave to amend. (ECF No. 8 at 7.) Plaintiff's complaint is now dismissed without prejudice and with leave to amend.

It is further ordered that the Clerk of Court vacate the Judgment closing this case

3

(ECF No. 10) and reopen this case.

It is further ordered that the Clerk of Court reinstitute Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1).

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 16th day of September 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE