# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WES JOSEPH PERTGEN,<br><br>   Plaintiff,<br>v.<br>ISIDRO BACA, *et al.*,[1]<br><br>   Defendants. | Case No. 3:19-cv-00534-MMD-CSD<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Wes Joseph Pertgen, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 against Defendants Curtis Kerner and Lisa Walsh. (ECF No. 25 ("FAC").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 104), recommending the Court deny Plaintiff's motion for summary judgment (ECF No. 83 ("Plaintiff's Motion")) and grant in part and deny in part Defendants' motion for summary judgment (ECF No. 90 ("Defendants' Motion")). Both parties filed objections to the R&R. (ECF No. 111 ("Defendants' Objection"); ECF No. 113 ("Plaintiff's Objection").)[2] Because the Court agrees with Judge Denney's analysis as to both motions, the Court will adopt the R&R. Accordingly, the Court will deny Plaintiff's Motion and grant in part and deny in part Defendants' Motion.

## II. BACKGROUND

The Court incorporates by reference Judge Denney's summary of the case's background and recitation of the pertinent facts provided in the R&R, which the Court

---

[1] The only remaining Defendants are Curtis Kerner and Lisa Walsh.

[2] Neither party filed a response to the other side's objection.

adopts. (ECF No. 104 at 1-3, 5-7.)

**III.   DISCUSSION**

The Court first addresses the arguments in Defendants' Objection, then the arguments in Plaintiff's Objection. Because Plaintiff and Defendants have filed objections, the Court conducts a de novo review of those objected-to findings and recommendations. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.").

**A.   Defendants' Objection**

As an initial matter, the Court addresses whether it will consider new evidence that Defendants submitted with their Objection in support of their Motion—a declaration by Kerner (ECF No. 111-1). Defendants previously attempted to submit this declaration in a motion for leave to file a supplemental brief after Judge Denney had issued the R&R—which had noted the lack of a declaration by Kerner—and over fourth months after the filing of their Motion and dispositive motions deadline. (ECF Nos. 108, 110.) The Court denied the motion for leave to file a supplemental brief, noting that there was no indication that defense counsel could not have taken and filed the declaration at the time of the filing of Defendants' Motion. (ECF No. 110.)

As support, Defendants now cite to LR IB 3-2(b), which states that a district judge "may also receive further evidence" on an R&R. (ECF No. 111 at 4.) However, the Court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (citations omitted). The Court declines to consider the new evidence of Kerner's declaration because Defendants are again seeking an improper do-over only after Judge Denney noted deficiencies in their Motion and attempting an end-run around the Court's prior ruling.

Defendants object to the R&R only to the extent that it recommends denying in part Defendants' Motion, specifically as to Plaintiff's due process claims based on Kerner's

2

alleged refusal to let Plaintiff provide video evidence, present witnesses, and make a statement in his defense in an underlying disciplinary hearing, and based on Walsh's alleged failure to properly process Plaintiff's disciplinary appeal. (ECF No. 111 at 1.) Judge Denney recommends denying Defendants' Motion as to those claims against Kerner because genuine issues of material fact exist as to: (1) whether Plaintiff requested to review and present the video footage at the re-hearing, and if he did, whether the video was unavailable; (2) whether Plaintiff requested to call a witness in the first place; and (3) whether Plaintiff was permitted to present a defense or whether Kerner unnecessarily restricted him in the absence of legitimate penological reasons for doing so. (ECF No. 104 at 13, 15, 16.) As to Walsh, Judge Denney recommended denying the Motion because Walsh's liability depends on whether a jury finds there were underlying violations of Plaintiff's due process rights at the hearing before Kerner. (*Id.* at 20.)

Because Defendants' Objection relies heavily on Kerner's declaration that the Court declines to consider, the Court finds Defendants' Objection largely unpersuasive. In fact, the reliance on new evidence after the fact essentially concedes that Defendants' Motion does not establish an absence of genuine issues of material fact that would warrant summary judgment on these claims. And because genuine issues of material fact exist as to whether Defendants violated Plaintiff's due process rights, Defendants are also not entitled to qualified immunity at this stage. *See, e.g.*, *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) ("If genuine issues of material fact exist that prevent a determination of qualified immunity at summary judgment, the case must proceed to trial.") (internal brackets, quotation marks, and citation omitted). The Court agrees with Judge Denney's analysis and therefore overrules Defendants' Objection and adopts the R&R to the extent it denies in part Defendants' Motion.

### B. Plaintiff's Objection[3]

Plaintiff objects to the R&R to the extent it denies Plaintiff's Motion as to all claims and grants Defendants' Motion as to Plaintiff's claims that the disciplinary hearing finding was not based on "some evidence" and that he was improperly assessed full restitution. Plaintiff makes 10 enumerated objections, which the Court addresses in turn.

First, Plaintiff appears to object to Judge Denney's consideration of Defendants' duplicate filings of their Motion and opposition to Plaintiff's Motion. (ECF No. 113 at 6-7.) While the Court understands Plaintiff's frustration with purportedly separate filings that are identical in content, such filing is not impermissible even though it is generally discouraged given that duplicate filings for separate purposes are often not wholly responsive. In any event, Defendants' duplicate filings do not change the outcome of the Court's analysis here.

Second, Plaintiff argues that he should be entitled to summary judgment regarding his argument that he did not receive a proper notice of charges ("NOC") before the disciplinary re-hearing. (*Id.* at 8-9.) Judge Denney found that argument unavailing because Plaintiff states he received a copy of the January 22, 2017 NOC on April 10, 2018, well in advance of the May 30, 2018 disciplinary re-hearing. (ECF No. 104 at 9.) Plaintiff argues that a lieutenant merely slid the NOC through his cell door but should have at least read the NOC out loud to Plaintiff and asked him if he understood it. (ECF No. 113 at 9-10.) To the extent Plaintiff is arguing that Administrative Regulation 707 requires such additional process, "there is no § 1983 liability for simply acting contrary to prison policy." *See Russell v. Lumitap*, 31 F.4th 729, 742 (9th Cir. 2022). The Court agrees with Judge Denney that by providing the NOC to Plaintiff on April 10, 2018—more than 24 hours before the May 30, 2018 disciplinary re-hearing—prison officials did not violate *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), in that respect. (ECF No. 104 at 9.)

---

[3] Because the Court declines to consider new evidence submitted with Defendants' Objection, as discussed above, the Court also declines to consider Plaintiff's declaration attached to his Objection (ECF No. 113 at 24-27).

Third, Plaintiff objects to the characterization of his assault as being "sucker punched" in the screening order and R&R. (ECF No. 113 at 11.) But Plaintiff used the similar term "sucker assaulted" in his FAC (ECF No. 25 at 7), and the Court finds that this is a distinction without a difference that does not affect the Court's analysis. The Court will generally refer to Plaintiff's underlying incident as an assault, rather than involving a "sucker punch," moving forward.

Fourth, Plaintiff objects (ECF No. 113 at 11) to Judge Denney's finding that "[t]o the extent that [Plaintiff having to kite to get the forms after his disciplinary proceeding] can be construed as arguing he did not get a written statement by the hearing officer of the evidence relied upon and the reasons for taking the disciplinary action, he admits that he received that information after he sent his kite" (ECF No. 104 at 9-10). Plaintiff claims that statement is incorrect because Plaintiff did not make such an argument and that he had kited instead for guidance on how to proceed with a disciplinary appeal and to receive the appropriate forms. If Plaintiff is not making the argument Judge Denney indicated, then there is no argument to address on this issue. This does not impact Judge Denney's ultimate findings and recommendations nor the Court's analysis here.

Fifth, Plaintiff argues he is entitled to summary judgment based on Kerner's denial of Plaintiff's ability to present a defense at the re-hearing. (ECF No. 113 at 12.) The Court agrees with Judge Denney that genuine issues of material fact exist as to whether Plaintiff was permitted to present a defense, including presenting witnesses, the video of the incident, or a statement, and whether Kerner unnecessarily restricted him in the absence of legitimate penological reasons, precluding summary judgment on this issue. (ECF No. 104 at 16.) Plaintiff argues that the evidence establishes that Kerner is not credible, so Plaintiff's account of events should be believed. (ECF No. 113 at 13.) However, at the summary judgment stage, the Court cannot make such credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

Sixth, Plaintiff contends he is entitled to summary judgment for Kerner's denial of his request to call a witness at the re-hearing. (ECF No. 113 at 14.) Plaintiff points to evidence that Kerner did not ask him if he wanted to call a witness and that Kerner did not have a justification for failing to allow Plaintiff to call a witness. (*Id.*) But as Judge Denney found, Defendants raised conflicting evidence that creates genuine issues of material fact here, such as the summary of disciplinary hearing form indicating that Plaintiff was asked and did not request a witness. (ECF No. 104 at 13.) The Court therefore agrees with Judge Denney's analysis to deny summary judgment regarding the issue of the denial of witnesses.

Seventh, Plaintiff asserts he is entitled to summary judgment regarding the denial of his request to present video evidence at the re-hearing. (ECF No. 113 at 15.) Plaintiff points to evidence already raised (*id.*), and the Court again agrees with Judge Denney's analysis that genuine issues of material fact exist as to whether Plaintiff requested the video footage, and if he did, whether the video was unavailable and whether Kerner had a legitimate penological reason for not granting the request. (ECF No. 104 at 13.) As to Plaintiff's argument that Defendants are not entitled to claim new reasons for not producing the video in Kerner's "self-serving" affidavit (ECF No. 113 at 16), the Court reiterates that it has declined to consider that affidavit at this stage. And as to Plaintiff's request that the jury be instructed that the video was not produced because it would be harmful to Defendants' case (*id.*), this is a premature request for an adverse inference instruction, and as Judge Denney noted, Plaintiff may file a motion for sanctions for spoliation of evidence under Federal Rule of Civil Procedure 37(e) if he wishes to do so (ECF No. 104 at 13 n.3).

Eighth, Plaintiff argues that he is entitled to summary judgment regarding Walsh's failure to properly process his disciplinary appeal. (ECF No. 113 at 17.) Plaintiff states that the jury should consider Plaintiff's entire case, including the rejections of his disciplinary appeal (*id.*), but by recommending denial of summary judgment, the R&R was recommending that this claim against Walsh go to the jury as Plaintiff would like. The Court

6

agrees with Judge Denney that Walsh's liability depends on whether Kerner violated Plaintiff's due process rights and therefore summary judgment should be denied as to the claim against Walsh. (ECF No. 104 at 20.)

Ninth, Plaintiff contends that Defendants should not be granted summary judgment on the basis that there was "some evidence" to support the guilty finding from the re-hearing. (ECF No. 113 at 18.) Plaintiff argues that it would be prejudicial to Plaintiff and lend credibility to Defendants if the jury is instructed that there is "some evidence" to support the disciplinary conviction. (*Id.*) However, if the Court adopts Judge Denney's recommendation to grant summary judgment on this issue, the jury would not be given any instructions directly regarding this issue. Plaintiff also argues that because he was denied the right to present a defense that means there was not "some evidence" to support the guilty finding. (*Id.*) But it may be simultaneously true that Kerner violated Plaintiff's due process rights *and* there was "some evidence" to support Kerner's guilty finding—evidence that meets a "minimally stringent" standard and that the Court is not permitted to reweigh. *See Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) ("In examining the record, the court is not to make its own assessment of the credibility of witnesses or reweigh the evidence."). And again, although Plaintiff alleges that such evidence was false, Plaintiff does not have a due process right to be free from a false report, but rather, he has the right to certain procedural protections before being found guilty. (ECF No. 30 at 7 (screening order).)

Lastly, Plaintiff asserts that Defendants should not have been granted summary judgment as to his claim that he was still being sanctioned for all restitution even though that original sanction was vacated and he was subsequently sanctioned to only split restitution. (ECF No. 113 at 19.) "An authorized, intentional deprivation of personal property by a state actor is actionable under the Due Process Clause of the Fourteenth Amendment." *Caradine v. Clark Cnty. Det. Ctr.*, Case No. 2:23-cv-00511-ART-EJY, 2023 WL 2890425, at *2 (D. Nev. Apr. 11, 2023), *report and recommendation adopted*, Case No. 2:23-cv-00511-ART-EJY, 2023 WL 4034496 (D. Nev. May 23, 2023); *see also Daniels*

*v. Williams*, 474 U.S. 327, 331 (1986). However, "[a]n unauthorized, intentional [or negligent] deprivation of personal property by a state actor is not actionable under the Due Process Clause if there is a meaningful post-deprivation remedy to recover for the loss." *Id.; see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Judge Denney recommended granting summary judgment to Defendants on this claim because he found that Plaintiff is alleging that there has been an *unauthorized* negligent or intentional deduction from his account—since the restitution sanction was for split restitution but he is being assessed for all restitution—and Nevada provides a remedy under NRS § 41.0322. (ECF No. 104 at 18.)

Plaintiff argues that he is not alleging an unauthorized, intentional or negligent deduction of his prison account but rather alleging that the assessed restitution is unlawful and in violation of *Wolff*. (ECF No. 113 at 20.) However, any alleged *Wolff* violations by Defendants of Plaintiff's due process rights vis-à-vis the re-hearing and disciplinary appeal of his guilty finding are ultimately separate from the allegedly erroneous assessment of all restitution imposed on Plaintiff. The Court agrees with Judge Denney that Plaintiff is essentially claiming an unauthorized deduction of his prison account because it was allegedly not "carried out according to established state procedures." *See Johnson v. Berndt*, Case No. 2:20-cv-00150-JAD-EJY, 2020 WL 7408720, at *3 (D. Nev. Dec. 17, 2020) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)). Because Nevada law provides for civil actions to address such wrongful deprivations of property by state and local officials, *see* NRS § 41.0322, Plaintiff may seek redress in the state court system for such acts, but he cannot sue in federal court on this claim.

In sum, the Court overrules all of Plaintiff's objections and therefore adopts Judge Denney's recommendations to deny Plaintiff's Motion and grant in part Defendants' Motion. To be clear, because the Court denies both parties' Motions as to the due process claims against Kerner for his alleged denial of Plaintiff's requests to present witnesses, video evidence, and a statement in defense and as to the due process claim against Walsh, those claims are proceeding to trial.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' Objection (ECF No. 111) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Plaintiff's Objection (ECF No. 113) to Judge Denney's Report and Recommendation is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 104) is adopted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 83) is denied.

It is further ordered that Defendants' motion for summary judgment (ECF No. 90) is granted in part and denied in part, as specified herein.

It is further ordered that, under LR 16-5, the Court finds that it is appropriate to refer this case to Judge Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 5th Day of January 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE