UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WES JOSEPH PERTGEN, <br><br> Plaintiff, <br> v. <br> ISIDRO BACA, *et al.*,[1] <br><br> Defendants. | Case No. 3:19-cv-00534-MMD-CSD <br><br> ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff Wes Joseph Pertgen, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 against Defendants Curtis Kerner and Lisa Walsh. (ECF No. 25.) Before the Court are Plaintiff's objections under LR IB 3-1 (ECF Nos. 130, 139) to United States Magistrate Judge Craig S. Denney's orders (ECF Nos. 123, 133) denying Plaintiff's motion to receive and have possession of his medical records (ECF No. 114) and motion to compel (ECF No. 115).[2] As explained below, because the Court finds that Judge Denney did not clearly err in deciding the motions, the Court will overrule Plaintiff's objections.

**II.   DISCUSSION**

Plaintiff filed two objections to Judge Denney's orders under LR IB 3-1. (ECF Nos. 130, 139.) "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 3-1(a). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and

---

[1]The only remaining Defendants are Curtis Kerner and Lisa Walsh.

[2]Defendants did not file responses to Plaintiff's objections.

firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted). The Court addresses each objection in turn under this clear error standard.

### A. Objection to Magistrate Judge Order on Motion to Receive and Have Possession of Medical Records (ECF No. 130)

As an initial matter, because Defendants did not oppose Plaintiff's motion for leave to file a late objection to the magistrate judge order denying Plaintiff's motion for medical records, the Court grants the motion for leave to file a late objection (ECF No. 132) as unopposed and will consider this objection (ECF No. 130). *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Plaintiff objects to Judge Denney's order (ECF No. 123) denying Plaintiff's motion "to receive and have possession of his medical records" (ECF No. 114). (ECF No. 130.)[3] Judge Denney denied the request because Plaintiff can simply kite to review the records, Administrative Regulation ("AR") 639 (revised on July 27, 2021) "prohibits inmates from possessing medical records on their person, in their cell, or on the yard," and Plaintiff did not make a showing of extraordinary circumstances warranting a court order allowing him to possess the medical records. (ECF No. 123 at 1.)

In his objection, Plaintiff argues that AR 639 is unconstitutional as applied because it violates his First Amendment rights to petition the Court for redress, Fourteenth Amendment due process rights, and Fourth Amendment rights, as he cannot research and prepare his case without having access to his medical records, and the medical records are Plaintiff's personal property, photocopies of which he had lawfully purchased.

---

[3] Defendants did not file a response to the objection.

(ECF No. 130 at 3-4.) During briefing of the underlying motion, Plaintiff raised similar arguments regarding his First and Fourteenth Amendment rights. (ECF No. 114 at 3; ECF No. 121 at 2.) Judge Denney implicitly rejected those arguments in his order denying the motion. The Court is similarly not persuaded by Plaintiff's arguments, particularly where Plaintiff appears to be able to kite to review and thus access his medical records even if he cannot retain them in his possession. (*See* ECF No. 71-2 at 5 ("Offenders may request to review their medical records" under AR 693.03(2)).) To the extent Plaintiff asserts that he was not allowed to review his medical records for unclear reasons (ECF No. 130 at 5), that is ultimately separate from the alleged violations underlying this case, and Plaintiff's options are to engage with any available grievance procedures.

The Court therefore finds that Plaintiff has not met the high burden of showing that Judge Denney's order was clearly erroneous or contrary to law and overrules Plaintiff's objection (ECF No. 130).

**B.    Objection to Magistrate Judge Order on Motion to Compel Discovery (ECF No. 139)**

Plaintiff objects to Judge Denney's order (ECF No. 133) denying Plaintiff's motion to compel discovery (ECF No. 115). (ECF No. 139.)[4] Judge Denney denied the motion because it was untimely, did not comply with Local Rule 26-6 or the Court's scheduling order, and in any event, did not seek information relevant to the claims proceeding in the case. (ECF No. 133 at 2-5.)

In his objection, as to untimeliness and noncompliance, Plaintiff argues that he has acted diligently and in good faith and asked the Court many times to waive or suspend application of the Local Rules under LR IA 1-4 given his *pro se* status. (ECF No. 139 at 9.) LR IA 1-4 states that "[t]he court may sua sponte or on motion change, dispense with, or waive any of these rules if the interests of justice so require." LR IA 1-4 is discretionary,

---

[4]Defendants did not file a response to the objection.

3

so Judge Denney was within his discretion to apply LR 26-6 and find that Plaintiff failed to comply.

Moreover, while it is true that *pro se* pleadings—such as a complaint—are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* parties nevertheless must follow the same procedural rules as other litigants, *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). As Judge Denney found (ECF No. 133 at 3-4) and the Court agrees, Plaintiff filed this motion to compel long after the discovery motions cutoff set forth in the relevant scheduling order, and Plaintiff did not provide the full text of the pertinent discovery requests and any responses as required by LR 26-6 and the scheduling order. Plaintiff—even as a *pro se* party—is still bound by court orders and the Local Rules.

Accordingly, Judge Denney did not clearly err in denying Plaintiff's motion to compel as untimely or alternatively for failure to comply with LR 26-6 or the scheduling order.[5] The Court therefore overrules Plaintiff's objection (ECF No. 139).

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion for leave to file a late objection (ECF No. 132) is granted.

---

[5]As the Court finds no clear error in denying the motion to compel based on untimeliness and noncompliance with court orders and Local Rules, the Court need not—and does not—analyze Judge Denney's additional, alternative basis for denying the motion based on lack of relevance.

It is further ordered that Plaintiff's objection under LR IB 3-1 to the magistrate judge order denying Plaintiff's motion to receive and have possession of his medical records (ECF No. 130) is overruled.

It is further ordered that Plaintiff's objection under LR IB 3-1 to the magistrate judge order denying Plaintiff's motion to compel (ECF No. 139) is overruled.

DATED THIS 14th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE