**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WES JOSEPH PERTGEN,

    Plaintiff

v.

CURTIS KERNER, et al.

    Defendants

Case No.: 3:19-cv-00534-MMD-CSD

**Order**

Re: ECF Nos. 134, 137, 138, 150

On May 8, 2024, Plaintiff filed a motion for spoliation sanctions. (ECF Nos. 134, 134-1.) Defendants filed a motion to strike that motion as untimely (ECF No. 137), or alternatively, a motion to extend the time for them to file a response to the motion for sanctions (ECF No. 138). Plaintiff filed a response to the motion to strike. (ECF No. 147.) Defendants filed a reply. (ECF Nos. 148, 148-1, 148-2.)

On July 23, 2024, Defendants filed a motion to enforce an oral settlement agreement. (ECF Nos. 150, 150-1 to 150-5.) On August 16, 2024, Plaintiff filed a response to the motion, indicating that he would settle the case consistent with the terms outlined in the unexecuted written agreement set forth at ECF No. 150-3, with one change concerning his outstanding balance of institutional debt. (ECF No. 153.) In their reply brief, Defendants indicate that Plaintiff has since executed a written settlement agreement with that change, as well as a stipulation to dismiss this case. Defendants represent that they will file the stipulation to dismiss within seven days of full compliance with every material term of the agreement, and if any terms have not been completed as of November 14, 2024, they will file a status report with the court

1  explaining which terms have not yet been completed, and provide an estimate of when these

2  terms will be completed. (ECF No. 154.)

3         In light of the execution by the parties of a written settlement agreement and stipulation

4  to dismiss this action (pending compliance with the terms), the pending motion for spoliation

5  sanctions, motion to strike the motion for spoliation sanctions, the alternative motion for an

6  extension of time to respond to the motion for sanctions, and the motion to enforce the oral

7  settlement agreement are all rendered moot.

8                                  **CONCLUSION**

9         The following pending motions are **DENIED AS MOOT** in light of the parties'

10 execution of a settlement agreement and stipulation to dismiss this action:

11 (1) Plaintiff's motion for spoliation sanctions (ECF No. 134);

12 (2) Defendants' motion to strike the motion for spoliation sanctions (ECF No. 137);

13 (3) Defendants' alternative motion for an extension of time to respond to the motion for

14 spoliation sanctions (ECF No. 138); and

15 (4) Defendants' motion to enforce the oral settlement (ECF No. 150).

16        The parties have up to and including **October 11, 2024,** to file the stipulation for

17 dismissal of this action with prejudice, or file a notice explaining why the stipulation for

18 dismissal cannot be filed, and give an estimate of when the parties reasonably expect the

19 stipulation for dismissal can be filed and requesting an extension of time to file the stipulation for

20 dismissal. The deadline for filing the joint pretrial order is **VACATED**. **IT IS SO ORDERED**.

21 Dated: August 27, 2024

22                                                    _____
                                                     Craig S. Denney
23                                                   United States Magistrate Judge